IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                    CHAPTER 13
**ALEXANDER VULAKH**                          :
**MARINA VULAKH**                              :     BK. No. 15-13329 JKF
                Debtors            :
                                     :

## STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the Movant, **HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR LUMINENT MORTGAGE TRUST 2007-2, MORTGAGE-PASS THROUGH CERTIFICATES, SERIES 2007-2**, and BRAD J. SADEK, Esquire, counsel for the Debtors, as follows:

    1.    The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

    2.    This Stipulation pertains to the property located at **322 PALMER DRIVE, PHILADELPHIA, PA 19115**, mortgage account ending with **"1404"**.

    3.    The parties agree that the total post-petition arrearage consists of six (6) monthly payments for the months of June 2016 through November 2016 at $1,843.70 each; one (1) monthly payment for the month of December 2016 at $2,015.04 each; attorney fees and costs in the amount of $1,026.00; less Debtors' suspense in the amount of $164.61; resulting in the total post-petition arrearage amount of $13,938.63.

    4.    Beginning January 1, 2017, Debtors shall commence payment of the regular monthly mortgage payment in the amount of $2,015.04, plus the additional payment in the amount of $2,323.08, for a total monthly payment amount of $4,338.12.

    5.    Beginning February 1, 2017, Debtors shall commence payment of the regular monthly mortgage payment in the amount of $2,015.04, plus the additional payment in the amount of $2,323.11, for a total monthly payment amount of $4,338.15. The Debtors will continue to pay this amount each month from February 1, 2017 through and including June 1, 2017 to cure the aforementioned post-petition arrearage. All subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to **OCWEN LOAN SERVICING, LLC 1661 WORTHINGTON ROAD, SUITE 100, WEST PALM BEACH, FL 33409.**

    6.    If Debtors provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

    7.    Should the Debtors fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

    8.    In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

9.    Debtors' tendering of a check to **OCWEN LOAN SERVICING, LLC**, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

10.    The parties stipulate that Movant shall be permitted to communicate with the Debtors and Debtors' Counsel to the extent necessary to comply with applicable non-bankruptcy law.

11.    This stipulation survives any loan modification agreed to and executed during the instant bankruptcy. If any regular monthly mortgage payment due after the execution of a loan modification is more than fifteen (15) days late, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter and Order granting relief from the Automatic Stay and waving Rule 4001(a)(3) so that Relief Order is immediately effective and enforceable.

12.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    November 23, 2016


Jay B. Jones, Esq.
Jerome Blank, Esq.
Andrew L. Spivack, Esq.
James P. Shay, Esq.
Michael Dingerdissen, Esq.
Attorneys for Movant


BRAD J. SADEK, ESQUIRE
Attorney for Debtor